UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
COURT FILE NO.: 21-cv-619

| | |
|---|---|
| Matthew Kesy, on behalf of himself and all others similarly situated,<br><br>      Plaintiff,<br>v.<br><br>Bruck Law Offices S.C.,<br><br>      Defendant. | **CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. Plaintiff's Class Action Complaint is based on Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA").

# JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because the conduct at issue occurred in this District, Plaintiff resides in this District, and Defendant transacts business in this District. See *Ford Motor Co. vs. Montana Eighth Judicial District Court*, 2021 WL 1132515 (U.S. March 25, 2021).

## PARTIES

4. Plaintiff Matthew Kesy (hereinafter "Plaintiff") is a natural person who resides in the County of Waukesha, State of Wisconsin, and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant Bruck Law Offices S.C. ("Defendant") is law firm licensed to do business in the State of Wisconsin and has a principal place of business located at Sixth Floor, McGeoch Building, 322 East Michigan Street, Milwaukee, WI 53202. Defendant Law Firm regularly engages in the collection of consumer debts in the District of Wisconsin. Defendant Law Firm regularly attempts to collect consumer debts alleged to be due another. Defendant Law Firm is, therefore, a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. Sometime before November 2020, Plaintiff incurred a financial obligation related to chiropractic services, which was primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and a "consumer transaction" as that term is used in Wis. Stat. §§ 421-427.

7. The chiropractic services debt is a "consumer credit agreement" under the Wisconsin Consumer Act (WCA), Wis. Stat. §421-427.

8. Plaintiff received a dunning letter ("[t]he letter") from Defendant dated November 3, 2020 seeking to collect the chiropractic debt. (*See* attached Exhibit 1).

9. The letter advised Plaintiff that if he desired to dispute the validity of the debt, that he was required to do so within thirty (30) days.

10. The letter specifically states that the principal balance owed by Plaintiff is $1,133.26.

11. Defendant's letter then states that the "Contract Collection Fee" is $566.63.

12. The "Contract Collection Fee" was for alleged legal fees that Defendant was seeking to collect from Plaintiff.

13. The charging and collection of these fees was in express violation of Wis. Stat. § 422.411.

14. Alternatively, the "Contract Collection Fee" was a contractual delinquency charge that Defendant was seeking to collect from Plaintiff.

15. Making the total amount Defendant was attempting to collect from Plaintiff was $1,699.89, thereby attempting to collect/impose a 50% delinquency charge, in violation of Wis. Stat. 422.203.

16. Defendant has maintained that its "Contract Collection Fee" was just that; fees charged or rendered for collection services.

17. At no time has Plaintiff signed or acquiesced to any contract that included the addition of a 50% collection fee with the chiropractor that he received services from.

18. Defendant's addition of a flat rate of 50% collection fee was not authorized by contract or law, nor is it a reasonable fee.

19. Furthermore, a 50% collection fee is not within the scope of legally permitted additional charges under Wis. Stat. § 422.202.

20. At the time Exhibit 1 was sent to Plaintiff, Defendant had not incurred $566.63 in actual collection fees/costs and therefore was unreasonable and unfair.

21. Wisconsin law specifically prohibits the attachment of collection fees to consumer credit transactions, even if the fee is separately negotiated. Wis. Stat. § 422.413(1).

22. In addition, Wis. Stat. § 422.202 entitled "Additional charges" does not list collection fees as a permissible fee a creditor may charge in connection with a consumer credit transaction.

23. Moreover, even if the WCA does not apply, upon information and belief, Defendant's 50% fee is neither a measure of Defendant's incidental or consequential damages, nor a measure of Defendant's costs of collection. *Seeger v. AFNI, Inc.*, 548 F3d 1107, 1112-1113 (7th Circuit 2008).

24. Debt collectors are not permitted to choose a collection fee at random or as much as they can get away with. The amount of the collection fee must be reasonably related to actual costs of collection. *See*, e.g., 34 C.F.R. §674.43(b)(3).

25. Upon information and belief, Defendant's 50% fee far exceeds both the actual costs that Defendant incurs for collection from Plaintiff and the putative class.

26. As such, Defendant's collection action is in violation of 15 U.S.C. §§ 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1).

27. Plaintiff and other members of the putative classes have suffered out-of-pocket damages in the form of illegal collection fees paid to Defendant.

## THE FDCPA

28. Congress has described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. § 1692(a) - § 1692(e). Any person who receives a debt

collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("[I]t is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.").

29. The Seventh Circuit has held that whether a debt collectors conduct violates the FDCPA should be judged from the standpoint of an "unsophisticated consumer." *Avila v. Rubin*, 84 F.3d 222, 227 (7th Cir. 1996); *Gammon v. GC Services, LP*, 27 F.3d 1254, 1257 (7th Cir. 1994). The standard is an objection one – whether the plaintiffs or any class members were misled is not an element of a cause of action. *Bartlett v. Heibl*, 128 F.3d 497, 499 (7th Cir. 1997). "The questions is not whether these plaintiffs were deceived or misled, but rather whether an unsophisticated consumer would have been misled." *Beattie v. D.M. Collection Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991).

30. Because it is a part of the consumer Credit Protection Act, 15 U.S.C. §§ 1601 et seq., the FDCPA should be liberally construed in favor of the consumer to effectuate its purposes. *Cirkot v. Diversified Fin. Services, Inc.*, 839 F. Supp. 941, 944 (D. conn. 1993).

31. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

32. 15 U.S.C. § 1692e(2)(a) specifically prohibits "the false representation of the character, amount, or legal status of any debt."

5

33. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

34. 15 U.S.C. § 1692f generally prohibits any "unfair or unconscionable means to collect or attempt to collect any debt."

35. 15 U.S.C. § 1692f(1) specifically prohibits "collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

36. 15 U.S.C. 1692g(a) states, in relevant part:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
> (1) the amount of the debt;

## THE WCA

37. The Wisconsin Consumer Act ("WCA") was enacted to protect consumers against unfair, deceptive, and unconscionable business practices and to encourage development of fair and economically sound practices in consumer transactions. Wis. Stat. § 421.102(2).

38. The Wisconsin Supreme Court has favorable cited authority finding that the WCA "goes further to protect consumer interests than any other legislation in the country," and is "probably the most sweeping consumer credit legislation yet enacted in

6

any state." *Kett v. Community Credit Plan, Inc.*, 228 Wis. 2d 1, 18 n.15, 596 N.W.2d 786 (1999) (citations omitted).

39. To further these goals, the Act's protections must be "liberally construed and applied." Wis. Stat. § 421.102(1); *see also* § 425.301.

40. "The basic purpose of the remedies set forth in Chapter 425, Stats., is to induce compliance with the WCA and thereby promote its underlying objectives." *First Wisconsin Nat'l Bank v. Nicolaou*, 113 Wis. 2d 524, 533, 335 N.W.2d 390 (1982). Thus, private actions under the WCA are designed to both benefit consumers whose rights have been violated and competitors of the violation, whose competitive advantage should not be diminished because of their compliance with the law.

41. To carry out this intent, the WCA provides Wisconsin consumers with an array of protections and legal remedies. The Act contains significant and sweeping restrictions on the activities of those attempting to collect debts. *See* Wis. Stat. § 427.104.

42. Further, the WCA provides that any customer affected by a violation of the WCA or the federal consumer credit protection act may seek actual damages, statutory damages, reasonable attorneys' fees, and declaratory and injunctive relief. Wis. Stats. § 426.109 and § 426.110.

43. Indeed, the WCA specifically provides that the possibility that the customer has an adequate remedy at law "shall not be a defense" if a customer seeks declaratory and injunctive relief. Wis. Stat. § 426.109.

44. The Act limits the amounts and types of additional fees that may be charged to consumers in conjunction with transactions. Wis. Stat. § 422.202(1). The Act

7

also provides injured consumers with causes of action for class-wide statutory and actual damages and injunctive remedies against defendants on behalf of all consumers who suffer similar injuries. *See* Wis. Stats. § 426.110(1); and § 426.110(4)(e).

45. Consumers' WCA claims under Wis. Stat. § 427.104(1) are analyzed using the same methods as claims under the FDCPA. Indeed, the WCA itself requires that the court analyze the WCA "in accordance with the policies underlying a federal consumer credit protection act," including the FDCPA. Wis. Stat. § 421.102(1).

46. Further, the Wisconsin Supreme Court has held that WCA claims relating to debt collection are to be analyzed under the "unsophisticated consumer" standard. *Brunton v. Nuvell Credit Corp.*, 785 N.W.2d 302, 314-15. In *Brunton*, the Wisconsin Supreme Court explicitly adopted and followed the "unsophisticated consumers" standard, citing and discussing *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). *Id*.

47. Wis. Stat. § 427.104(1)(g) states that a debt collector may not: "Communicate with the customer…in such a manner as can reasonably be expected to threaten or harass the customer."

48. Wis. Stat. § 427.104(1)(b) states that a debt collector may not: "Engage in other conduct which can reasonable be expected to threaten or harass the consumer…" Wis. Admin. Code § DFI-Bkg 74.16(9) defines such "other conduct" as "including conducting which violates the Fair Debt Collection Practices Act."

8

49. Wis. Stat. § 427.104(1)(j) states that a debt collector may not: "Claim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist."

50. The Wisconsin Department of Financial Institutions, which is tasked with regulating licensed collection agencies, has found that "conduct which violates the Federal Fair Debt Collection Practices Act" can reasonable be expected to threaten or harass the customer. *See* Wis. Admin. Code DFI-Bkg 74.16(9) ("Oppressive and deceptive practices prohibited.").

## CLASS ALLEGATIONS

51. Plaintiff brings this action individually and as a class action.

52. The class Plaintiff seeks to certify is defined as:

*All consumers nationwide who, within one (1) year of the filing of this Class Action Complaint, were sent a collection letter by Defendant in a form substantially similar or materially identical to **Exhibit 1** which includes and attempted to collect a 50% collection fee related to a past due account.*

53. The class shall be subject to the following exclusions, eligibility according to the above criteria notwithstanding, all (1) Counsel for Plaintiff and the Class, (2) Counsel for Defendant, and (3) the assigned Judge, Magistrate Judge, and their clerks and staff.

54. The class meets all factors in Rule 23(a-b) for class certification.

55. The class consists of primarily of persons who at some point had a past due account which was transferred or placed with Defendant's office for collection. While collecting the debt from this putative class, Defendant caused to be sent a dunning letter

9

which imposed and thereby attempted to collect a 50% collection fee which was not authorize by the underlying consumer contract or by law.

56. The class is so numerous that joinder of all members is impractical. Upon information and belief, Defendant has unlawfully charged and/or received collection fees from more than 40 consumers in the State of Wisconsin.

57. There are questions of law and fact, common to the class, which predominate over any questions affecting only individual class members. The principal question is whether Defendant's conduct in connection with unlawfully accessing consumers' credit files in the manner alleged (or described) violates the FDCPA.

58. There are no individual questions, other than the identification of class members which can be determined by ministerial inspection of Defendant.

59. The Plaintiff will fairly and adequately protect the interests of the class and is committed to vigorously litigating this matter. Plaintiff has retained counsel experienced in handling class actions of this type and consumer claims. Neither Plaintiff nor his counsel has any interest which might cause them not to vigorously pursue this claim.

60. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and based on the same legal theories.

61. A class action is superior to other available methods for the fair and efficient adjudication of the controversy pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

***Rule 23(a) Requirements***

*Numerosity*

62. Defendant is a privately held consumer and commercial debt collection agency.

63. Defendant pursues consumers for collection of such alleged debt obligations.

64. Upon information and belief, Defendant attempted to collect alleged debts from numerous consumers.

65. Upon information and belief, many of the outstanding accounts for which Defendant sought to collect, Defendant added 50% to all collection accounts and in some cases collected the illegal fee from consumers.

66. Therefore, upon information and belief, the estimated number of Class members is more than 40.

*Commonality*

67. All members of the class had their rights violated in the same manner by the same actions of Defendant.

68. Common evidence, in particular (1) a list of all alleged consumer debtor accounts contained in the portfolio that were charged an additional 50% collection fee; (2) records in the possession of Defendant documenting those consumers who were charged an additional 50% on such alleged outstanding accounts; and (3) the collection letters sent by Defendant in an attempt to collect on the alleged outstanding consumer accounts contained in the aforementioned portfolio, will drive resolution of the claims of the Classes.

69. Statutory relief under the FDCPA is directed based upon the common conduct of Defendant, i.e. the extent to which Defendant sent collection letters to consumers, and not the subjective, individual experiences of members of the Class.

### *Typicality*

70. Plaintiff has the same claims to statutory relief as all other members of the Class and such claims are all based on the same facts and legal theories.

71. The only individual issue is the identification of the consumers who received collection letters similar to Exhibit 1, (i.e. the Class members), which is a matter capable of ministerial determination from Defendant's records.

72. Any defenses that Defendant may have to liability or quantum of damages with respect to Plaintiff's claims would be generally applicable to all members of the Classes.

### *Adequacy*

73. Plaintiff brings this lawsuit after an extensive investigation of Defendant's alleged misconduct.

74. Plaintiff brings this lawsuit with the intention to stop Defendant's unlawful practices and recover statutory penalties for all consumers affected.

75. Plaintiff will continue to vigorously pursue relief for the Class.

76. Plaintiff will fairly and adequately represent the Class members' interests.

77. Plaintiff's interests are consistent with the interests of the Class.

78. Plaintiff's counsel, the Consumer Justice Center, P.A., has been certified as class counsel in dozens of class actions enforcing consumer rights laws in this District and others.

79. Plaintiff's counsel is committed to expending the time, energy, and resources necessary to successfully prosecute this action on behalf of the Class.

*Rule 23(b)(3)*

*Predominance/Superiority*

*Predominance*

80. Statutory relief under the FDCPA follows from evidence that Defendant added 50% to all collection accounts, not the subjective experience of any one complainant.

81. Common issues will predominate substantially over individual issues in the ultimate resolution of this action for the Class.

*Superiority*

82. Plaintiff and Plaintiff's counsel are not aware of any other pending actions against Defendant related to their unlawful collection conduct.

83. Members of the Class have little interest in individual control over this action given the small amounts at stake compared to the cost, risk, delay, and uncertainty of recovery after prosecuting this lawsuit.

84. Upon information and belief, few members of the Class are aware that Defendant's actions were unlawful.

13

85. Upon information and belief, few members of the Class are aware that Defendant's conduct, which consisted of adding 50% collection fees to collection accounts without authorization by contract or law, was unlawful.

86. The class notice mechanism provides an opportunity for uninformed members of the Class to learn about their rights and obtain relief where they otherwise would not have.

## **STANDING**

87. The above-detailed conduct by Defendant violated numerous provisions of the FDCPA, including but not limited to the provisions of the FDCPA identified above.

88. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

89. Specifically, Plaintiff suffered a concrete informational injury because of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff, which is more fully stated herein.

90. Plaintiff suffered a concrete injury because of Defendant's unlawful addition of a 50% collection fee in the form of an additional payment amount to Defendant that was neither due nor owed.

91. Because of the Defendant's collection campaign, Plaintiff was confused about his rights as a consumer and paid the debt that included a 50% collection fee, relying upon Defendant's representations that the larger amount was in fact due and owed.

92. Defendant's actions denied Plaintiff access to truthful information, which is a concrete form of informational injury under Article III, and the denial of that information is on its own sufficiently concrete.

93. Defendant's collection campaign illustrates the risk of tangible harm from debt-collector misrepresentations, which is an increased risk of harm that itself supports standing.

94. Defendant's actions constitute an injury that is not a non-justiciable generalized grievance.

95. Defendant's negligent and/or intentional acts resulted in the violation of numerous provisions of federal law and resulted in actual damages to the Plaintiff.

## TRIAL BY JURY

96. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. Amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT – 15 U.S.C. § 1692, *et seq*.

97. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully stated herein.

98. The foregoing acts of Defendant constitute numerous and multiple violations of the FDCPA as outlined above.

15

99. Defendant's collection illegal practice, specifically that Defendant add a 50% collection fee to all collection accounts despite not being authorized by contract or law, is in violation of 15 U.S.C. § 1692d, 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1).

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for:

- Awarding Plaintiff actual damages against Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(1) in an amount not less than the illegal collection fee that he paid to Defendant;
- Awarding Plaintiff statutory damages against Defendant for violations of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- Awarding Plaintiff reasonable attorney's fees and costs against Defendant pursuant to 15 U.S.C. § 1692k(a)(3);
- That the Court grants such other and further relief as may be just and proper

Dated this 17th day of May 2021.

By: s/Thomas J. Lyons Jr.

Thomas J. Lyons, Jr., Esq.
MN Attorney I.D. # 0249646
CONSUMER JUSTICE CENTER P.A.
367 Commerce Court
Vadnais Heights, MN 55127
Telephone: (651) 770-9707
Facsimile: (651) 704-0907
tommy@consumerjusticecenter.com

*Counsel for Plaintiff and the putative class*

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

I, Matthew Kesy, declare under penalty of perjury, as provided for by the laws of the United States, 28 U.S.C. § 1746, that the following statements are true and correct:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all the facts contained in it are true, to the best of my knowledge, information, and belief, formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

Dated this <u>17</u> day of May 2021.

s/Matthew Kesy<br>
Matthew Kesy